UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 21-10427-RGS

MARY BAYIYANA NAKITYO and
WILLIAM WAGUMBULIZI

v.

MERRICK GARLAND, ALEJANDRO MAYORKAS,
TRACEY RENAUD, and KRISTEN M. SMITH

MEMORANDUM AND ORDER ON
DEFENDANTS' MOTION TO DISMISS

July 16, 2021

STEARNS, D.J.

Plaintiffs Mary Bayiyana Nakityo and William Wagumbulizi allege that the United States Citizenship and Immigration Services (USCIS) relied on information prohibited by 8 U.S.C. § 1367(a) in rescinding the approval of a family-based immediate relative visa petition submitted by Wagumbulizi on Nakityo's behalf. Defendants – Merrick Garland (in his official capacity as the Attorney General of the United States), Alejandro Mayorkas (in his official capacity as the Secretary of the Department of Homeland Security), Tracey Renaud (in her official capacity as the Acting Director of USCIS), and Kristen M. Smith (in her official capacity as the Massachusetts Field Office

Director of USCIS) – move to dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1).

## BACKGROUND

For purposes of deciding this motion, the court accepts as true the well-pleaded facts of the Complaint. Nakityo, a Ugandan citizen, married Jason Edward Larkin, an American citizen, in 2008. In February of 2009, Larkin filed a family-based visa petition for Nakityo. At a May 26, 2009, interview held in the USCIS Boston Field Office, Larkin stated that he had only met Nakityo four times, that he was paid $2,700 to marry her to enable her to obtain a green card, and that other submitted evidence of a bona fide marriage had been falsified. Larkin withdrew the petition and the USCSI denied Nakityo's application for status adjustment.

Despite Larkin's volte face, Nakityo remained in a relationship with him. Larkin abused Nakityo, physically, sexually, and psychologically, from the fall of 2009 until early 2011, when he left their home. Nakityo sought treatment for depression in September of 2011. In June of 2012, she filed an I-360 self-petition for relief under Violence Against Women Act (VAWA), seeking permanent residency as the battered spouse of an American citizen. In June of 2015, the USCIS requested additional evidence in support of Nakityo's claim. By that time, she had entered a relationship with

Wagumbulizi and had given birth to their daughter.  Nakityo did not pursue the VAWA application, and it was denied for abandonment.

Wagumbulizi, an American citizen, subsequently married Nakityo, and in December of 2016, filed a visa petition on her behalf.  The petition was approved in April of 2017.  In August of 2017, however, the USCIS sent Wagumbulizi a "Notice of Intent to Revoke" (NOIR), citing as grounds that Nakityo had previously attempted to evade the immigration laws by fraudulently marrying Larkin.  Wagumbulizi responded to the NOIR unsuccessfully, and the USCIS issued a revocation decision on December 27, 2017.  In addition to revoking Nakityo's visa, the USCIS barred her indefinitely from becoming the approved beneficiary of any future visa petition submitted pursuant to 8 U.S.C. § 1154(c).  Plaintiffs appealed to the Board of Immigration Appeals (BIA), and received an unfavorable decision in March of 2019.  Plaintiffs filed this lawsuit in March of 2021.

## DISCUSSION

The parties agree on the metes and bounds of the legal landscape.  In *Bernardo ex rel. M & K Eng'g, Inc. v. Johnson*, 814 F.3d 481 (1st Cir. 2016), the First Circuit joined seven other Circuits in concluding that "Congress has barred judicial review" of the revocation of a previously approved visa petition.  *Id.* at 482.  "Decisions made . . . as to the revocation of previously

3

approved visa petitions are made discretionary by statute." *Id.* at 482, citing 8 U.S.C. § 1155.  "Title 8, section 1252 of the U.S. Code precludes judicial review of discretionary decisions made by the Attorney General and the Secretary of Homeland Security under Title 8, Chapter 12, Subchapter II." *Id.*  Together, these statutes reflect "a clear expression of Congressional intent" to deprive the courts of subject matter jurisdiction over visa revocation decisions.  *Id.*

Plaintiffs contend that 8 U.S.C. § 1367(a) carves out a narrow opening in this seemingly impenetrable wall.  As a part of VAWA's effort to protect the rights of victims of domestic violence and abuse,

> in no case may the Attorney General, or any other official or employee of the Department of Justice, the Secretary of Homeland Security, the Secretary of State, or any other official or employee of the Department of Homeland Security or Department of State (including any bureau or agency of either of such Departments)--
>
> > (1) make an adverse determination of admissibility or deportability of an alien under the Immigration and Nationality Act using information furnished solely by--
> >
> > > (A) a spouse [] who has battered the alien or subjected the alien to extreme cruelty.

8 U.S.C. § 1367.  As plaintiffs interpret it, the statute prohibits an adverse determination of admissibility based on the uncorroborated testimony of an abusive spouse.  In other words, USCIS has no discretion to make an adverse

4

admissibility determination if it is based on such uncorroborated information. It follows, in plaintiffs' reading, that 8 U.S.C. § 1252's bar against the judicial review of discretionary decisions does not extend to negative admissibility determinations made in contravention of this prohibition. Plaintiffs assert that because USCIS relied on Larkin's uncorroborated and false (or so they allege) statements regarding his "sham" marriage to Nakityo, the revocation decision remains reviewable by virtue of section 1367.

Accepting without deciding plaintiff's premise that section 1367 could serve as a jurisdictional path to circumvent the section 1252 bar, the USCIS and BIA decisions on their face refute plaintiffs' contention that they were made "using information furnished solely by a spouse [] who has battered the alien." The revocation decisions rested in the first instance on an assessment of Nakityo's credibility, finding her allegations of spousal abuse "self-serving and unsupported."[1] BIA Decision, Dkt # 9-1 at 2. The BIA also noted that Nakityo's VAWA "Form I-360 had been denied for abandonment and not the merits of [her] abuse claims and [] the Form I-360 was not

---

[1] Larkin made the sham marriage statements in May of 2009, prior to any allegation by Nakityo of abuse. *See* Compl. ¶ 22 (alleging abuse from fall of 2009 to early 2011).

5

relevant to the revocation of the current visa petition." *Id.* at 2-3. The decisions also drew on corroborating evidence that did not depend on Larkin's testimony in establishing that Nakityo had engaged in marriage fraud.

> [Nakityo]'s A-file contains substantial and probative evidence indicating that the [her] previous marriage to Mr. Larkin was entered into solely for immigration purposes. . . . [S]he was not even legally free to marry Mr. Larkin because she was legally married to Mr. Ibrahim Kakembo at the time. This information was never disclosed on Mr. Larkin's Form I-130, Petition for Alien Relative [] nor was it disclosed on [Nakityo]'s February 10, 2009 G-325A, Biographic Information.

USCIS Decision, Dkt # 1-5 at 3.[2] Finally, the USCIS decision notes that Nakityo had the opportunity to rebut the adverse evidence with "evidence that shows that the prior marriage [to] Mr. Larkin was not entered into for the primary purpose of evading the immigration laws," but failed to do so. *Id.* Because the prohibition of section 1367 was not triggered, the revocation of Nakityo's approved visa petition remains a discretionary matter beyond the reach of this court's subject matter jurisdiction. *See Bernardo*, 814 F.3d at 482.

---

[2] Notwithstanding Nakityo's assertion of the belief that her first marriage had dissolved and that she was free to marry Larkin, her "failure to disclose her marital relationship with Ibrahim Kakembo and [her] failure to disclose her two children at the time of her marriage to Mr. Larkin undermines her credibility with respect to [this] petition." USCIS Decision at 3.

6

ORDER

For the foregoing reasons, defendants' motion to dismiss for lack of subject matter jurisdiction is <u>ALLOWED</u>.

SO ORDERED.

<u>/s/ Richard G. Stearns</u>
UNITED STATES DISTRICT JUDGE